IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIM. NO. 20-00171-CG |
| v. | * | |
| | * | |
| BRANDON LEROSS BAILEY | * | |

*FILED IN OPEN COURT*
*JUN 16 2021*
*CHARLES R. DIARD, JR.*
*CLERK*

## PLEA AGREEMENT

The defendant, **BRANDON LEROSS BAILEY**, represented by his counsel, and the United States of America have reached a plea agreement in this case, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the terms and conditions of which are as follows:

### RIGHTS OF THE DEFENDANT

1. The defendant understands his rights as follows:

   a. To be represented by an attorney;

   b. To plead not guilty;

   c. To have a trial by an impartial jury;

   d. To confront and cross-examine witnesses and to call witnesses and produce other evidence in his defense; and

   e. To not be compelled to incriminate himself.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

2. The defendant waives rights b through e, listed above, and pleads guilty to Counts 1 and 10 of the Indictment. Count 1 charges a violation of 18 U.S.C. § 641 (Theft of Government Property). Count 10 charges a violation of 18 U.S.C. § 152(1) (Concealment of Property Belonging to the Estate of a Bankruptcy Debtor).

3. The defendant understands that the statements he makes under oath in the plea of guilty must be completely truthful and that he can be prosecuted for making false statements or perjury, or receive a perjury enhancement at sentencing, for any false statements he makes intentionally in this plea of guilty.

4. The defendant expects the Court to rely upon his statements here and his response to any questions that he may be asked during the guilty plea hearing.

5. The defendant is not under the influence of alcohol, drugs, or narcotics. He is certain that he is in full possession of his senses and is mentally competent to understand this Plea Agreement and the guilty plea hearing which will follow.

6. The defendant has had the benefit of legal counsel in negotiating this Plea Agreement. He has discussed the facts of the case with his attorney, and his attorney has explained to the defendant the essential legal elements of the criminal charges which have been brought against him. The defendant's attorney has also explained to the defendant his understanding of the United States' evidence and the law as it relates to the facts of his offenses.

7. The defendant understands that the United States has the burden of proving each of the legal elements of the criminal charges beyond a reasonable doubt. The defendant and his counsel have discussed possible defenses to the charges. The defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice of his attorney.

8. A separate document, entitled Factual Resume, will be submitted to the Court as evidence at the guilty plea hearing. The Factual Resume is incorporated by reference into

        this Plea Agreement. Alterations to the Plea Agreement or Factual Resume initialed only by the defendant and his counsel are not part of this agreement and are not agreed to by the United States.

9. This plea of guilty is freely and voluntarily made and is not the result of force, threats, promises, or representations, apart from those representations set forth in this Plea Agreement. There have been no promises from anyone as to the particular sentence that the Court will impose. The defendant is pleading guilty because he is guilty.

10. The defendant also knowingly and voluntarily waives all rights, whether asserted directly or through a representative, to receive from the United States after sentencing any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to, rights under the Freedom of Information Act and the Privacy Act of 1974.

## **PENALTIES**

11. The maximum penalty the Court could impose as to Count 1 of the Indictment is:

    a. Ten (10) years' imprisonment;

    b. A fine not to exceed $250,000;

    c. A term of supervised release of three years, which would follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d. A mandatory special assessment of $100.00; and

    e. Such restitution as may be ordered by the Court.

12. The maximum penalty the Court could impose as to Count 10 of the Indictment is:

    a.    Five (5) years' imprisonment;

    b.    A fine not to exceed $250,000;

    c.    A term of supervised release of three years, which would follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d.    A mandatory special assessment of $100.00; and

    e.    Such restitution as may be ordered by the Court.

## SENTENCING

13. The Court will impose the sentence in this case. The United States Sentencing Guidelines are advisory and do not bind the Court. The defendant has reviewed the application of the Guidelines with his attorney and understands that no one can predict with certainty what the sentencing range will be in this case until after a pre-sentence investigation has been completed and the Court has ruled on the results of that investigation. The defendant understands that at sentencing, the Court may not necessarily sentence the defendant in accordance with the Guidelines. The defendant understands that he will not be allowed to withdraw his guilty plea if the advisory guideline range is higher than expected, or if the Court departs or varies from the advisory guideline range.

14. The defendant understands that this Plea Agreement does not create any right to be sentenced in accordance with the Sentencing Guidelines, or below or within any particular guideline range, and fully understands that determination of the sentencing range or guideline level, or the actual sentence imposed, is solely the discretion of the Court.

15. The United States will provide all relevant sentencing information to the Probation Office for purposes of the pre-sentence investigation. Relevant sentencing information includes, but is not limited to, all facts and circumstances of this case and information concerning the defendant's conduct and background.

16. Both the defendant and the United States are free to allocute fully at the time of sentencing.

17. The defendant agrees to tender $200.00 to the U.S. District Court Clerk in satisfaction of the mandatory special assessment in this case. The United States reserves the right to withdraw any favorable recommendations it may agree to within this document if the defendant fails to pay the special assessment prior to or at the time of his sentencing.

## RESTITUTION

18. Pursuant to 18 U.S.C. §§ 3556 and 3663(A), restitution is mandatory. The defendant agrees to make full restitution as to all relevant conduct regardless of whether it relates to the counts of conviction.

## FORFEITURE

19. The defendant agrees to confess the forfeiture to the United States of all properties which represent proceeds of his criminal activities or which facilitated any aspect of these illegal activities. The forfeitable properties include those described in paragraph 45 of the Indictment.

## FINANCIAL OBLIGATIONS

20. The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report to evaluate the defendant's ability to satisfy any financial obligation imposed by the

Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

## UNITED STATES' OBLIGATIONS

21. The United States will not bring any additional charges against the defendant related to the facts underlying the Indictment and will move to dismiss all remaining counts once sentence is imposed. This agreement is limited to the United States Attorney's Office for the Southern District of Alabama and does not bind any other federal, state, or local prosecuting authorities.

22. The United States will recommend to the Court that the defendant be sentenced at the low end of the advisory sentencing guideline range as determined by the Court.

## LIMITED WAIVER OF RIGHT TO APPEAL AND WAIVER OF COLLATERAL ATTACK

23. As part of the bargained-for exchange represented in this plea agreement, and subject to the limited exceptions below, the defendant knowingly and voluntarily waives the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Accordingly, the defendant will not challenge his guilty plea, conviction, or sentence in any district court or appellate court proceedings.

   a. **EXCEPTIONS.** The defendant reserves the right to timely file a direct appeal challenging:

      (1) any sentence imposed in excess of the statutory maximum;

    (2) any sentence which constitutes an upward departure or variance from the advisory guideline range.

 The defendant also reserves the right to claim ineffective assistance of counsel in a direct appeal or § 2255 motion.

24. If the United States files a notice of appeal and such appeal is authorized by the Solicitor General, the defendant is released from the appellate waiver.

25. The defendant further reserves the right to timely move the district court for an amended sentence under 18 U.S.C. § 3582 in the event of a future retroactive amendment to the Sentencing Guidelines which would affect the sentence.

26. If the defendant receives a sentence within or below the advisory guideline range, this plea agreement shall serve as the defendant's express directive to defense counsel to timely file a "Notice of Non-Appeal" following sentencing, signed by the defendant.

## VIOLATION OF AGREEMENT

27. The defendant understands that if he breaches any provision of this Plea Agreement, the United States will be free from any obligations imposed by this agreement, but all provisions of the agreement remain enforceable against the defendant. In the exercise of its discretion, the United States will be free to prosecute the defendant on any charges of which it has knowledge. In such event, the defendant agrees not to assert any objections to prosecution that he might have under the Sixth Amendment and/or Speedy Trial Act.

28. In addition, if the defendant is released from detention prior to sentencing, he understands that the United States will no longer be bound by this agreement if he violates

any condition of his release prior to sentencing or prior to serving his sentence after it is imposed.

## ENTIRETY OF AGREEMENT

29. This document is the complete statement of the agreement between the defendant and the United States and may not be altered unless done so in writing and signed by all the parties.

Respectfully submitted,

SEAN P. COSTELLO
UNITED STATES ATTORNEY

Date: March 24, 2021

Sinan Kalayoglu
Assistant United States Attorney

Date: March 24, 2021

George A. Martin, Jr.
George A. Martin, Jr.
Assistant United States Attorney
Deputy Chief, Criminal Division

I have consulted with my counsel and fully understand all my rights with respect to the offenses charged in the Indictment pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it. I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt.

Date: 5 Jun 2021

Brandon Leross Bailey
Defendant

I am the attorney for the defendant. I have fully explained his rights to him with respect to the offenses charged in the Indictment in this matter. I have carefully reviewed every part of this Plea Agreement with him. To my knowledge, his decision to enter into this agreement is an informed and voluntary one. I have carefully reviewed the Factual Resume, incorporated herein, with the defendant and to my knowledge, his decision to stipulate to the facts is an informed, intelligent, and voluntary one.

Date: 6/15/21

Peter J. Madden
Attorney for Defendant

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | **CRIM. NO. 20-00171-CG** |
| **v.** | * | |
| | * | |
| **BRANDON LEROSS BAILEY** | * | |

### FACTUAL RESUME

The defendant, **BRANDON LEROSS BAILEY** ("**BAILEY**"), admits the allegations of Counts 1 and 10 of the Indictment.

### ELEMENTS OF THE OFFENSES

**BAILEY** understands that to prove a violation of 18 U.S.C. § 641, as charged in Count 1 of the Indictment, the United States must prove:

1. The money or property described in the Indictment belonged to the United States;
2. The defendant embezzled, stole, or knowingly converted the money or property to his own use or to someone else's use;
3. The defendant knowingly and willfully intended to deprive the United States of the use or benefit of the money or property; and
4. The money or property had a value greater than $1,000.

**BAILEY** further understands that to prove a violation of 18 U.S.C. § 152(1), as charged in Count 10 of the Indictment, the United States must prove:

1. On or about the date charged, a bankruptcy case docketed as case number 19-10650 was pending in the United States Bankruptcy Court for the Southern District of Alabama, and the defendant was the Debtor;

1

2. The property or an interest in the property described in the Indictment was a part of the Debtor's bankruptcy estate; and

3. The defendant knowingly and fraudulently concealed the property from creditors or from the Bankruptcy Administrator who had responsibility for the control or custody of the property.

## OFFENSE CONDUCT

**BAILEY** admits in open court and under oath that the following statement is true and correct and constitutes evidence in this case. This statement of facts is provided solely to assist the Court in determining whether a factual basis exists for **BAILEY's** plea of guilty. The statement of facts does not contain each fact known to **BAILEY** and to the United States concerning the defendant's involvement in the charges set forth in the plea agreement. All dates, amounts, and locations described below are approximations.

On July 14, 2010, a general court-martial convicted **BAILEY**, a former Major in the United States Air Force ("Air Force"), of four specifications of wrongful use of a controlled substance, five specifications of wrongful possession of controlled substances, one specification of wrongful appropriation, and three specifications of theft. **BAILEY**'s sentence included a dismissal from the Air Force, the equivalent to a dishonorable discharge for an enlisted service member. The dismissal was due solely to **BAILEY**'s felony criminal conviction. In October 2010, **BAILEY** was placed on appellate review leave. From that point forward, he was not legally entitled to compensation or benefits from the Air Force. On October 1, 2013, **BAILEY** officially ceased to be a member of the Air Force due to his earlier dismissal. He never medically retired from the Air Force.

From October 2010 to March 2017, in the Southern District of Alabama and elsewhere, **BAILEY** willfully and knowingly received, concealed and retained stolen property of the United States, that is, money from the Air Force, of a value exceeding $1,000, with intent to convert said property to his own use, knowing said property to have been embezzled and stolen. The offense conduct resulted in a financial loss to the Air Force of $818,918.36. The Defense Finance and Accounting Service, which provides payment services to the United States Department of Defense, was not properly notified of **BAILEY**'s dismissal from the Air Force. Due to an administrative error, **BAILEY** was mistakenly kept on the Air Force's payroll from October 2010 to March 2017.

At various times within the Southern District of Alabama, **BAILEY** took advantage of the payroll mistake. Rather than notify the Air Force of the error, he continued to receive unearned Air Force payroll checks and he periodically received healthcare at military treatment facilities, all in contravention of Air Force protocol and procedure. Furthermore, despite his dismissal from the Air Force, **BAILEY** also accessed his former Air Force MyPay account, an online personnel page, at various times to obtain certain Air Force documents, such as annual W-2s and monthly payroll statements. Due to the payroll mistake, these documents erroneously showed **BAILEY** to be in active duty military status, when in fact, as he then and there knew, he had been dismissed from the Air Force. **BAILEY** periodically used these documents to falsely represent his income and employment status to different entities for personal financial gain. At various times, he falsely portrayed himself publicly as an active duty Air Force member and relied on Air Force documents to open bank accounts and obtain loans, credit cards, and other items of value that he was not lawfully entitled to receive.

On February 26, 2019, **BAILEY** filed a bankruptcy petition under chapter 7 of the Bankruptcy Code in United States Bankruptcy Court for the Southern District of Alabama, Case No. 19-10650 (the "Bankruptcy Petition"). Under 11 U.S.C. § 541(a)(5)(A), **BAILEY**'s bankruptcy estate included property that entered his estate from February 26, 2019, the date of the Bankruptcy Petition, to August 26, 2019. On February 26, 2019, in the Southern District of Alabama, **BAILEY** knowingly and fraudulently concealed from a custodian and officer of the court charged with the control and custody of property, and, in connection with a case under Title 11 of the United States Code, from creditors and the United States Bankruptcy Administrator for the Southern District of Alabama (the "Bankruptcy Administrator"), property belonging to the estate of a debtor. In connection with his bankruptcy case, **BAILEY** knowingly and fraudulently concealed certain property from the Bankruptcy Administrator, to-wit: $30,750 in rental income for real property located at 511 N. Mulberry Avenue, Butler, Alabama 36904; $33,816.59 in consulting and teaching income from a private university in Alabama; and $3,646.24 in income from Disabled American Veterans.

For purposes of §2B1.1(b)(1) of the Sentencing Guidelines, the parties agree that **BAILEY**'s offense conduct resulted in a loss of between $1,500,000 and $3,500,000.

AGREED TO AND SIGNED.

Respectfully submitted,

SEAN P. COSTELLO
UNITED STATES ATTORNEY

Date: <u>March 24, 2021</u>

Sinan Kalayoglu
Assistant United States Attorney

4

Date: <u>March 24, 2021</u>                    George A. Martin, Jr.
                                               George A. Martin, Jr.
                                               Assistant United States Attorney
                                               Deputy Chief, Criminal Division

Date: 5 Jun 2021                               
                                               Brandon Leross Bailey
                                               Defendant

Date: 4/15/21                                  
                                               Peter J. Madden
                                               Attorney for Defendant

5