**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ) | |
| ) | CRIMINAL NUMBER: |
| Plaintiff, ) | |
| ) | 20-000171-CG-B |
| v. ) | |
| ) | |
| BRANDON LEROSS BAILEY, ) | |
| ) | |
| Defendant. ) | |

**OBJECTION TO PRESENTENCE INVESTIGATION
REPORT – ACCEPTANCE OF RESPONSIBLITY**

Defendant, through counsel, objects to the portions of the Presentence Investigation Report dated January 10, 2022 (Doc. 65, Page ID# 235), which refers to Acceptance of Responsibility. (Doc. 65, Page ID#240 – 241)

Defendant was charged in a 13-count indictment for various financial offenses. (Doc. 1, Page ID# 1-17) Following negotiation, Defendant entered a guilty plea to Counts 1 and 10 of the Indictment. (Doc. 34, Text Only) As part of the plea, the Defendant executed a Plea Agreement and Factual Resume. (Doc. 35, Page ID# 97-105 & 106-110) As part of the Plea Agreement, Defendant admitted in Open Court and under oath the truth of the allegations in the Factual Resume. (Doc. 35, Page ID# 107) During the plea colloquy, the Defendant was asked:

"THE COURT: Are you pleading guilty of your own free will because you are guilty?

THE DEFENDANT: Yes, ma'am." (Doc. 61, Page ID# 202)

In addition, the Defendant admitted the truth of the charges under oath after a complete and thorough colloquy with the Court. (Doc. 61, Page ID# 198-209)

On September 1, 2021, the United States Probation Office produced a Draft Presentence Investigation Report which was distributed to counsel. (Doc. 49, Page ID# 166-183)  A "Final" Presentence Investigation Report was filed on January 6, 2022. (Doc. 62, Page ID# 211-228).  In addition, an Addendum to the "Final" Presentence Investigation Report indicated that neither the Government nor the Defense objected to the "Final" Presentence Investigation Report. (Doc. 63, Page ID# 229)

On January 13, 2022, the Government filed a Motion for Revocation of Order of Release. (Doc. 72, Page ID# 295-297)  In the Motion, the Government alleges that the Defendant "appears to have knowingly possessed multiple firearms…" (Id.)  On January 26, 2022, a hearing went forward before Magistrate Judge Nelson, in which the Court granted the motion. (Doc. 77, Page ID# 305-306)

On January 10, 2022, before the Government filed its Motion for Revocation of Order of Release, and before Judge Nelson considered that motion, the United States Probation Office filed a new Final Presentence Investigation Report (Doc. 65, Page ID# 235-252)  For the first time, the new report recommends no adjustment for acceptance of responsibility. (Doc. 65, Page ID# 240-241)

The initial Final Presentence Investigation Report (filed January 6, 2022) stated, in part:

> "12. The defendant has entered a guilty plea and professed his guilt before the Court.  He has also executed a Factual Resume, acknowledging his involvement in the offense.

2

> "13. The defendant was interviewed by the probation officer and provided a statement wherein the defendant admitted involvement in the offense. The defendant states, 'I did it. I feel horrible. I hate this is happening. I'll never do it again. That's for sure.'
>
> "14. The Defendant has exhibited acceptance of responsibility and is entitled to an adjustment. U.S.S.G. §3E1.1."

\* \* \*

> "25. **Acceptance of Responsibility:** The defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. U.S.S.G. §3E1.1(a).
>
> "26. **Acceptance of Responsibility:** The defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the intention to enter a plea of guilty. Accordingly, the offense level is decreased by one additional level. U.S.S.G. §3E1.1(b)." (Doc. 62, Page ID# 216-217) (**Emphasis** in original.)

Conversely, the position of the United States Probation Office reversed after the allegation of misconduct while on pretrial release. The Presentence Investigation Report of January 10, 2022, reads:

> "12. The defendant has entered a guilty plea and professed his guilt before the Court. He has also executed a Factual Resume, acknowledging his involvement in the offense.
>
> "13. The defendant was interviewed by the probation officer and provided a statement wherein the defendant admitted involvement in the offense. The defendant states, 'I did it. I feel horrible. I hate this is happening. I'll never do it again. That's for sure.'
>
> "14. On December 15, 2021, four firearms were found stored in a nightstand next to the defendant's bed which is a violation of his pretrial release conditions. The defendant has not exhibited acceptance of responsibility and is not entitled to an adjustment. U.S.S.G. §3E1.1."

\* \* \*

"25.  **Acceptance of Responsibility:**  As of completion of the presentence investigation , the defendant has not clearly demonstrated acceptance of responsibility for the offense.  U.S.S.G. §3E1.1." (Doc. 65, Page ID# 240-241) (**Emphasis** in original).

As a result of the change in position of the United States Probation Office, the Defendant lost a recommend 3-Point adjustment in his Sentencing Guidelines Calculation, specifically from Level 22 to Level 25.  (Doc. 62, Page ID# 217 & Doc. 65, Page ID# 242).  At a Criminal History Category II, the Guidelines recommend sentences as follows:  Offense Level 22:  46-57 months vs. Offense Level 25:  63-78 months.  A denial of Acceptance of Responsibility would result in an increased Guideline recommendation of between 17 – 21 months.

Clearly, the only reason for the recommended departure from Level 22 to Level 25 is the alleged firearm offense on December 15, 2021.  This works a departure from an original low recommendation of 46 months to a new high recommendation of 78 months, a difference of 2 years and 8 months.

United States Sentencing Guideline §3E1.1 provides:

**§3E1.1.**   **Acceptance of Responsibility**

(a)   If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by **2** levels.

(b)   If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level **16** or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources

efficiently, decrease the offense level by **1** additional level.

The Government appears to rely on Application Note 1(B) from U.S.S.G. §3E1.1, which provides:

> 1. In determining whether a defendant qualifies under subsection (a), appropriate considerations include, but are not limited to, the following: (B) voluntary termination or withdrawal from criminal conduct or associations.

However, the Application Notes are not limited to merely Note 1(B). The Application Notes begin by providing:

> 1. In determining whether a defendant qualifies under subsection (a), appropriate considerations include, but are not limited to, the following: (A) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct). Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a). A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. A defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility, but the fact that a defendant's challenge is unsuccessful does not necessarily establish that it was either a false denial or frivolous.

Here, the Defendant has truthfully admitted the conduct comprising the offenses of conviction, and truthfully admitted additional relevant conduct for which he is accountable (he acknowledged guilt for more than the 2 charges leading to convictions).

Whether to permit an adjustment based on acceptance of responsibility is a matter for the Court in its discretion. U.S.S.G. §3E1.1 Application Note 5 provides:

> 5. The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review.

The appellate courts give great deference to trial courts, making the determination to grant or withhold an adjustment based on acceptance of responsibility largely a matter

5

for the sound discretion of the trial court.  As discussed below, the courts have offered different weight to the propriety of denying an adjustment based on certain factors, among which is the similarity of the new "offense" to the conviction and the certainty of guilt of the offender.

The Defendant urges that this Court has broad discretion to allow a 3-point reduction for acceptance of responsibility.  In <u>United States v. Pace</u>, 17 F.3d 341 (11th Cir. 1994), the Court of Appeals held, "a district court is authorized to consider subsequent criminal conduct, even if it is unrelated to the offense of conviction, in determining whether a decrease for acceptance of responsibility is appropriate." <u>United States v. Pace</u>, 17 F.3d at 343.  In <u>Pace</u>, the defendant used marijuana after pleading guilty to a financial crime.  Specifically, the defendant tested positive for marijuana during a drug screen and admitted he used the drug.  There was direct evidence of the defendant's voluntary violation of law in <u>Pace</u>, i.e., prohibited drug use.  Here, the Government introduced evidence that a firearm, probably introduced to the house by the Defendant's spouse, was hidden in the dresser drawer of the Defendant's spouse.  In addition, evidence showed that a shotgun was located in another area of the house which was described as downstairs or apparently a basement area.  The Defendant was not found in possession of any firearm and there was no evidence to suggest that the Defendant had <u>actual possession or knowledge</u> of the firearms' presence.

Similarly, in <u>United States v. Wright</u>, 862 F.3d 1265 (11th Cir. 2017), the defendant pleaded guilty to wire fraud by filing fraudulent tax returns among other financial crimes.  While on pretrial release, the defendant in <u>Wright</u> was found guilty of possession of 20 grams or less of marijuana.  Like in <u>Pace</u>, the defendant in <u>Wright</u> was

involved with unlawful drugs. In <u>Wright</u>, the defendant was <u>convicted</u> of possession of marijuana while on pretrial release. As in <u>Pace</u>, there was clear evidence of possession of a substance which is unlawful to possess by its very nature. Here, by contrast, there is no evidence of actual possession or knowledge of the firearms' presence. There has been no adjudication nor even an indictment for unlawful possession of a firearm. Moreover, unlike marijuana, which is unlawful by definition, if the Defendant were not living in the home, it would be not only lawful for Mr. Todd Bailey (the Defendant's husband) to possess firearms, but it would also be Constitutionally protected.

The cases are distinguishable due the type of offense (per se contraband vs. a presumptively lawful item for citizens without a conviction or court order) and due to the quantum of proof (an admission / drug test and a conviction vs. a firearm which was hidden in a dresser or placed in a downstairs area). Even so, the 11th Circuit held that, "the district court has 'great deference' to determine [the Defendant's] acceptance of responsibility…" <u>United States v. Wright</u>, 862 F.3d at 1279.

In any event, the evidence, as introduced in the hearing to revoke the Defendant's release, showed only a "mere proximity" of the Defendant to the firearms in question. The standard of proof to revoke release is much lower than to prove guilt at trial, but nevertheless the Government failed to show anything other than "mere proximity," which does not support a determination of possession. <u>United States v. Canada</u>, 459 F.2d 687, 688 (5th Cir. 1972). Thus, unlike in <u>Wright</u> and <u>Pace</u>, there was no unassailable proof of guilt.

Under the guidance from the 11th Circuit Court of Appeals, this Court is free to grant a three-point reduction for acceptance of responsibility. The Defendant urges that

the Court should do just that. The *Wright* and *Pace* Courts make clear that this Court is permitted to grant a reduction under U.S.S.G. §3E1.1. In <u>United States v. Mathews</u>, 874 F.3d 698 (11th Cir. 2017), the Court wrote, "…although a district court has broad discretion to grant to deny a reduction under §3E1.1, a court errs if it believes that it does not have the authority to grant such a downward reduction. See United States v. Wilson, 183 F.3d 1291 (11th Cir. 1999)." <u>United States v. Mathews</u>, 874 F.3d at 709. Following *Mathews*, this Court has discretion to permit the 3-point reduction under §3E1.1.

The Sixth Circuit takes a different position. Like the 11th Circuit, the 6th Circuit gives great deference to the trial courts' determinations in §3E1.1 matters. "A district court's decision regarding acceptance of responsibility is generally a factual question that must be affirmed unless clearly erroneous. <u>United States v. Morrison</u>, 983 F.3d 730 (6th Cir. 1993)" <u>United States v. Banks</u>, 252 F.3d 801 (6th Cir 2001) (citation in original).

The *Banks* court ruled, "We hold that acceptance of responsibility, as contemplated by the United States Sentencing Commission, is 'acceptance of responsibility for his offense,' Guidelines 3E1.1(a)…, not for 'illegal conduct' generally. Considering unrelated criminal conduct unfairly penalizes a defendant for a criminal disposition, when true remorse for specific criminal behavior is the issue." <u>United States v. Banks</u>, 252 F.3d 801, 806-07 (6th Cir. 2001). The undersigned could find no adverse treatment of *Banks* in the 6th Circuit, and no instances where the 11th Circuit has ever considered *Banks*. In *Banks*, the 6th Circuit Court explains, "[c]onsideration of…unrelated post-plea charges as a factor in determining whether [a defendant] accepted responsibility for the sentencing offenses [is] improper." <u>United States v. Banks</u>, 252 F.3d 801, 807.

Similarly, in *United States v. Morrison*, the defendant committed new offenses unrelated to the offenses for which the 3E1.1 credit was sought. The Morrison Court held, "…we consider 'voluntary termination or withdrawal from criminal conduct' to refer to that conduct which is related to the underlying offense. Such conduct may be of the same type as the underlying offense…or may be the motivating force behind the underlying offenses…or may be related to actions towards government witnesses concerning the underlying offense…or may involve an otherwise strong link with the underlying offense. <u>We are persuaded by the rationale that an individual may be truly repentant for one crime yet commit other unrelated crimes</u>." *United States v. Morrison*, 983 F.3d 730, 735 (6th Cir. 1993). (<u>Emphasis</u> added, citations omitted.) By reversing the trial courts in <u>Banks</u> and <u>Morrison</u>, the 6th Circuit held that failure to grant 3E1.1 credit based solely on new but unrelated criminal conduct is clear error. As acknowledged above, the 11th Circuit has reached a different position.

Here, the Defendant pleaded guilty to financial crimes only. The new "offense" involves unproven (and unindicted) conduct wholly unrelated to the charged offense. Clearly, in the 6th Circuit, the Defendant would be entitled to a U.S.S.G. §3E1.1 reduction. The Defendant acknowledges that this Court is not located in the 6th Circuit, but urges two things:

1. This Court is afforded substantial deference in exercising its discretion by the 11th Circuit, and

2. Because of the split in treatment between the 6th Circuit and the 11th Circuit, a citizen in an identical position in Cincinnati, Ohio would obtain a potentially different result. That is plainly objectionable.

The Defendant urges that when exercising its discretion concerning whether to award a 3-point reduction in offense level under §3E1.1, this Court should exercise its discretion seeing the 6th Circuit as persuasive logic to inform the Court's exercise of discretion.

## CONCLUSION

Based on the previous "final" Presentence Investigation Report, which was filed on January 6, 2022, it is clear that the Government had no objection to a 3-point reduction in sentence level under §3E1.1 but for the new alleged conduct. The Defendant has entered a timely plea of guilty and has otherwise expressed remorse for the crimes for which he has entered guilty pleas. The new alleged unlawful activity is wholly unrelated to the offenses to which the Defendant pleaded guilty. There is a split in the Circuits between the 11th and 6th Circuits as to whether unrelated subsequent criminal conduct may be used to negate a reduction under §3E1.1, which results in some citizens receiving favorable treatment to others, as is potentially possible here. In the 11th Circuit cases cited above, there is no reasonable doubt of the defendant's guilt as it relates to the new criminal activity, whereas here there is very scant evidence of even constructive possession or any suspicion of the presence of the firearms. Taken together, the Defendant urges that the balance of equities favor this Court choosing to exercise its sound discretion to award the 3-point reduction.

Based on the foregoing, the Defendant asks the Court to allow an adjustment to the Sentencing Guidelines to reflect acceptance of responsibility.

DATED:  March 27, 2022              BRANDON LEROSS BAILEY, Defendant

                         BY:    /s/  BRIAN J. LOCKWOOD, LLC
                                Brian J. Lockwood ASB-9131-R68L
                                LOCKB9131
                                Law Office of Brian J. Lockwood, LLC
                                1111 Dauphin Street
                                Mobile, AL  36604
                                (251) 434-5754       Telephone
                                (251) 243-7619       Facsimile
                                brian@brianlockwoodlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 27, 2022, he served this document on all parties of record by filing it using CM/ECF, which automatically serves all parties of record.

                                /s/  BRIAN J. LOCKWOOD