IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 20-00171-CG |
| | ) | |
| BRANDON LEROSS BAILEY | ) | |

**FINAL ORDER OF FORFEITURE**

This cause now comes before the Court upon the United States' motion for a final order of forfeiture for the following property:

(a) the contents of bank account x8803 held in the name of Brandon Leross Bailey at USAA Federal Savings Bank;

(b) the contents of bank account x8497 held in the name of Brandon Leross Bailey at USAA Federal Savings Bank;

(c) the contents of securities account x4021 held in the name of Brandon Leross Bailey at Charles Schwab & Co., Inc.;

(d) the contents of bank account x3431 held in the name of Todd Casey-Holyoke Bailey at USAA Federal Savings Bank;

(e) the contents of bank account x8470 held in the name of Todd Casey-Holyoke Bailey at USAA Federal Savings Bank;

(f) the contents of bank account x3237 held in the name of Todd Casey-Holyoke Bailey at USAA Federal Savings Bank; and

(g) the real property located at 875 Bailey Road, Butler, Alabama 36904 and 78 acres of vacant land, as described in paragraph 32 of the

indictment against Brandon Leross Bailey (items (a) through (g) collectively, the "Forfeitable Property").

The Court hereby finds that the motion is due to be **GRANTED**, for the reasons set forth therein and as set out below:

On July 23, 2021, the United States filed a motion for a preliminary order of forfeiture for the above-referenced Forfeitable Property and for additional property identified in the motion as follows: item (h), the real property located at 8 Railroad Lane, Holden, Maine 04449, which consists of approximately a 4-bed, 3-bath, 2,544 square foot home built on a 5-acre lot (the "Holden Real Property"); and item (i), a 2015 F-150 4x4 SuperCrew pickup vehicle, with vehicle identification number 1FTEW1EG9FFC86498 (the "Ford F-150 Truck"). Doc. 43, PageID.119–20. In the motion for a preliminary order of forfeiture, the United States established the defendant's interest in the property and the nexus between the property and the defendant's convictions for Counts One and Ten of the Indictment. That same day, pursuant to 18 U.S.C. § 981(a)(1)(c), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b), the Court entered a preliminary order of forfeiture for the Forfeitable Property, the Holden Real Property, and the Ford F-150 Truck. Doc. 44, PageID.128–32.

In accordance with the provisions of 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(b)(6), the United States published notice of the forfeiture, and of its intent to dispose of the Forfeitable Property, the Holden Real Property, and the Ford F-150 Truck, on the official government forfeiture website,

www.forfeiture.gov, beginning on July 27, 2021, and ending on August 25, 2021. Doc. 47, PageID.160–64. The publication gave notice to all third parties with a legal interest in the above-referenced property to file with the Clerk of the Court, 155 St. Joseph Street, Mobile, AL 36602, and a copy served upon Assistant United States Attorney Sinan Kalayoglu, 63 South Royal Street, Suite 600, Mobile, AL 36602, a petition to adjudicate their interest within 60 days of the first date of publication. The United States also sent direct written notice to various persons and entities identified in its motion for a final order of forfeiture.

On August 23, 2021, Air Force Federal Credit Union ("AFFCU"), a direct-notice recipient, served a timely ancillary petition on the United States claiming a valid security interest in the Ford F-150 Truck. Given AFFCU's lienholder position, its valid claim to the Ford F-150 Truck, and for the reasons set forth in the United States' motion for a final order of forfeiture, the United States is not seeking final forfeiture of the Ford F-150 Truck. Accordingly, the Court is not including the Ford F-150 Truck as part of the Forfeitable Property referenced in this final order of forfeiture.

On September 1, 2021, CMG Mortgage Inc. ("CMG"), a direct-notice recipient, served a timely ancillary petition on the United States claiming a valid security interest in the Holden Real Property. Given CMG's lienholder position, its valid claim to the Holden Real Property, and for the reasons set forth in the United States' motion for a final order of forfeiture, the

3

United States is not seeking final forfeiture of the Holden Real Property. Accordingly, the Court is not including the Holden Real Property as part of the Forfeitable Property referenced in this final order of forfeiture.

On September 24, 2021, the defendant's spouse, a direct-notice recipient, filed a letter with the Court asserting his purported interest in certain of the Forfeitable Property. Doc. 68-3. On March 22, 2022, the Court struck the spouse's claim as deficient. Doc. 81. No other third party has filed a petition or claimed an interest in the Forfeitable Property, and the time for filing any such petition has expired.

Further, pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), forfeiture of the Forfeitable Property became final as to the defendant, Brandon Leross Bailey, at the time of sentencing and was made a part of the sentence and included in the Court's judgment. Doc. 96, PageID.449.

Thus, the United States has met all statutory requirements for the forfeiture of the Forfeitable Property, and it is appropriate for the Court to enter a final order of forfeiture.

**NOW, THEREFORE**, the Court having considered the matter and having been fully advised in the premises, it is hereby **ORDERED, ADJUDGED, and DECREED** that for good cause shown, the United States' motion for a final order of forfeiture is **GRANTED**. Under 18 U.S.C. § 981(a)(1)(c), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2(c)(2), all right, title, and interest in the Forfeitable Property is **CONDEMNED, FORFEITED,**

**and VESTED** in the United States for disposition according to law; and,

**IT IS FURTHER ORDERED** that the Federal Bureau of Investigation or other duly authorized federal agency take the Forfeitable Property into its secure custody and control for disposition according to law; and,

**IT IS FURTHER ORDERED** that pursuant to 21U.S.C. § 853(n)(7), the United States has clear title to the Forfeitable Property and may warrant good title to any subsequent purchaser or transferee; and,

**IT IS FURTHER ORDERED** that the Federal Bureau of Investigation or other duly authorized federal agency is hereby authorized to dispose of the Forfeitable Property in accordance with the law; and,

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

**DONE AND ORDERED** this 25th day of May 2022.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE